IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| JOSHUA MORTON,<br><br>Plaintiff,<br><br>vs.<br><br>YELLOWSTONE COUNTY DETENTION FACILITY, CAPTAIN BODINE, LISA, CORRECTIONAL HEALTH PARTNERS,<br><br>Defendants. | CV 20-00160-BLG-SPW-TJC<br><br>FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

Plaintiff Joshua Morton filed a Complaint alleging the Yellowstone County Detention Facility ("YCDF") had not provided adequate healthcare to him while he was incarcerated there (Doc. 2). The Court previously explained that Morton's Complaint should be dismissed for failure to state a claim but allowed Morton the opportunity to amend his Complaint if he could do so. (Doc. 6.) The Amended Complaint was due by July 26, 2021. The Court has not heard from Morton. It is therefore recommended that the Complaint should be dismissed.

**I.    Failure to Prosecute**

Fed. R. Civ. P. 41(b) authorizes the Court to dismiss an action "[i]f the plaintiff fails to prosecute" the action. The Court may dismiss a case on its own without awaiting a motion. See, e.g., *Link v. Wabash Railroad Co.*, 370 U.S. 626, 633 (1962); *Hells Canyon Preservation Council v. United States Forest Serv.*, 403

F. 3d 683, 689 (9th Cir. 2005).

In determining whether Plaintiff's failure to prosecute warrants dismissal of the case, the Court must weigh the following five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Carey v. King,* 856 F.2d 1439, 1440 (9th Cir. 1988) (quoting *Henderson v. Duncan,* 779 F.2d 1421, 1423 (9th Cir.1986)). "The first two of these factors favor the imposition of sanctions in most cases, while the fourth factor cuts against a default or dismissal sanction. Thus the key factors are prejudice and availability of lesser sanctions." *Wanderer v. Johnson,* 910 F.2d 652, 656 (9th Cir.1990).

"The public's interest in expeditious resolution of litigation always favors dismissal." *Yourish v. California Amplifier*, 191 F. 3d 983, 990 (9th Cir. 1999). Morton has failed to file his amended Complaint and has not communicated with the Court in ten months. This factor weighs in favor of dismissal.

Likewise, the second factor supports dismissal. "The trial judge is in the best position to determine whether the delay in a particular case interferes with docket management and the public interest." *Pagtalunan v. Galaza*, 291 F. 3d 639 (9th Cir. 2002). The Court cannot manage its docket if Morton fails to comply with the Court's orders. Morton's case has consumed judicial resources and time that

could have been better spent on other matters.  Therefore, this factor favors dismissal.

The third factor requires the Court to weigh the risk of prejudice to the Defendants.  A rebuttable presumption of prejudice to respondents arises when a plaintiff unreasonably delays prosecution of an action. *In re Eisen*, 31 F.3d 1447, 1452-53 (9th Cir. 1994). Nothing suggests that such a presumption is unwarranted in this case.

The Court has considered less drastic alternatives.  Alternatives may include "allowing further amended complaints, allowing additional time, or insisting that appellant associate experienced counsel." *Nevijel v. North Coast Life Insurance Co.*, 651 F. 2d 671, 674 (9th Cir. 1981).  Although less drastic alternatives to dismissal should be considered, the Court is not required to exhaust all such alternatives prior to dismissal.  *Id*.  Morton was provided with an explanation of the additional information the Court required and was afforded an adequate amount of time to prepare his response.  Morton failed to respond to the Court's order.  At this juncture, the Court can envision no further alternatives to dismissal.

The last factor weighs against dismissal because public policy favors disposition of cases on their merits.  *Hernandez v. City of El Monte,* 138 F. 3d 393, 399 (9th Cir. 1998).  But in light of the other four factors favoring dismissal, the

weight of this factor is slight. The Court will therefore recommend that this matter be dismissed for failure to prosecute, pursuant to Fed. F. Civ. P. 41(b).

## II.   CONCLUSION

Given Morton's failure to respond to this Court's order, no further resources of the Court should be expended, and Morton's Complaint should be dismissed.

Based upon the foregoing, the Court issues the following:

### RECOMMENDATIONS

1. This matter should be dismissed. The Clerk of Court should be directed to close this matter and enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

2. The Clerk of Court should be directed to have the docket reflect that the Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith. The record makes plain that Morton has failed to prosecute this matter and/or comply with the Court's orders.

### NOTICE OF RIGHT TO OBJECT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

Morton may file objections to these Findings and Recommendations within fourteen (14) days after service.[1]  28 U.S.C. § 636. Failure to timely file written

---

[1] Rule 6(d) of the Federal Rules of Civil Procedure provides that "[w]hen a party

objections may bar a de novo determination by the district judge and/or waive the right to appeal.

This order is not immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed until entry of the District Court's final judgment.

DATED this 14th day of September, 2021.

/s/ Timothy J. Cavan<br>
Timothy J. Cavan<br>
United States Magistrate Judge

---

may or must act within a specified time after being served and service is made under Rule 5(b)(2)(C) (mail) . . . 3 days are added after the period would otherwise expire under Rule 6(a)." Therefore, since Morton is being served by mail, he is entitled an additional three days after the period would otherwise expire.